IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES SMITH, JR.**                                               **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:19-CV-243-HTW-LRA**

**WARDEN BRIAN LADNER,**
**Individual Capacity and Official**
**Capacity; DEPUTY WARDEN**
**VIVIAN FRAZER, Individual**
**Capacity and Official Capacity;**
**WILLIAM MOODY, Security**
**Ofc., Individual Capacity and**
**Official Capacity**                                              **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing that was conducted via videoconferencing from the Central Mississippi Correctional Facility before the undersigned United States Magistrate Judge on December 3, 2019. Charles Smith, Jr. appeared *pro se*, and attorney Benny McCalip May, Office of the Attorney General, attended the hearing representing the Defendants. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It functioned as a scheduling/case management conference, a discovery conference, and a *Spears* hearing. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

1

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff has been housed in the custody of the Mississippi Department of Corrections [MDOC] at CMCF, in Pearl, Mississippi, since 2018. At the hearing, the parties consented to the jurisdiction of a United States Magistrate Judge; however, Smith has not yet returned an executed copy of the consent.

Smith's complete allegations are set forth in his Complaint and his supplemental pleadings and were augmented by his testimony at the hearing. His claims are based on the conditions of his confinement at CMCF. Smith contends that guards have failed to follow the cleaning supplies policy, resulting in Smith's inability to keep his area clean. He says that he has to clean and sweep his cell with towels or socks.

Smith submitted a grievance through the Administrative Remedies Program at CMCF, and the First Step Response stated that the staff does provide offenders with cleaning supplies. The Second Step Response from Warden Ladner said that the issue would be looked into and addressed.

With regard to the individual Defendants, Smith's claims are as follows: Warden Brian Ladner was the warden when this problem began, although he is not the warden at the present time. Smith testified that he sent Ladner letters and followed up by talking to him, but nothing happened. Warden Vivian Frazer was the deputy warden when this problem began, and she told Smith that inmates would be assigned to clean his area.

William Moody was the night shift senior officer. He has not provided cleaning or cleaning supplies; instead, he sleeps in the tower. Subsequent to filing his Complaint, Smith asked that Joshua Hampton, Deputy Warden James Fillyaw and Dorothy Franks be dismissed from this case. Franks has been dismissed by a Text Order entered on October 21, 2019, and, by an Order entered on January 22, 2020, Defendants Hampton and Fillyaw were also dismissed.

## 2. **DISCOVERY ISSUES and PENDING MOTIONS**

The Defendants have already provided Smith a copy of his institutional record (Bates numbered MDOC 1-219) and his medical records (Bates numbered MDOC 220-6630) in another case. They should also provide Smith's ARP documents related to this grievance. Smith submitted his Witness List and his Exhibit List to the Court [Docs. #37, 38]. Smith also filed a letter asking that Tony Howard and "Inmate Charlie" be dismissed, which is, apparently, a request that they be removed from his witness list and replaced by Jerome Mitchell [Doc. #39]. Finally, Smith has filed a Motion Requesting Subpoena Duces Tecum [Doc. #40], which the Court will take under advisement.

If a trial is conducted in this case, defense counsel shall provide the Court with a certified copy of Plaintiff's MDOC file for use as a general exhibit for all parties at trial.

After the disposition of Smith's Motion Requesting Subpoena Duces Tecum, the discovery matters set forth herein should fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate

considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1). Other than the discovery mentioned herein, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

3. **TRIAL WITNESSES**

Smith originally asked that MDOC inmates**, CORDELLRA MCCALEY, CHARLIE, and TONY HOWARD** be brought to testify on his behalf. He later asked that Howard and "inmate Charlie" be taken off the list and replaced by Jerome Mitchell. No inmate numbers were given for any of these inmates. After a search of the MDOC website, the Court believes that the witness list includes **CORDELLRA MCCALEY, # 164032, and JEROME MITCHELL, #172542**. If a trial is conducted in this case, the Court will issue writs of habeas corpus *ad testificandum* for these inmate witnesses to be transported, as long as they are still in MDOC custody at the time of the trial.

If a trial is conducted, Smith may secure the voluntary appearance of any free world witnesses at a trial conducted in this cause. Or, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Smith may request the Court to cause a subpoena to be issued for a free world witness. Any request for subpoenas should be made at least 30 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

## 4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

Smith has filed several Motions. The first, titled Motion to Rebut the Defendants Answers and Defenses [Doc. #23], is, in substance, a rebuttal pleading, and it will be granted as such. The second, a Motion to Dismiss [Doc. #30], seeks the dismissal of James Fillyaw, and it has been granted. The third motion is a Motion to Amend Complaint [Doc. #32], which is a notification to the Court that the conditions about which Smith complains are continuing, and it will be granted as such. The fourth motion is the discovery motion that was addressed earlier.

This conference may stand in lieu of a pretrial conference.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motion to Rebut the Defendants Answers and Defenses [Doc. #23] is hereby **granted**.

2. Plaintiff's Motion to Amend Complaint [Doc. #32] is hereby **granted**.

3. Any motions requesting additional discovery should be filed on or before **February 21, 2020,** and should specify precisely what information is being requested.

4. All dispositive motions should be filed on or before **March 16, 2020**.

SO ORDERED, this the 31st day of January, 2020.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE