IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES SMITH, JR.**                                                             **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:19-CV-243-HTW-LRA**

**WARDEN BRIAN LADNER,**
**Individual Capacity and Official**
**Capacity; DEPUTY WARDEN**
**VIVIAN FRAZER, Individual**
**Capacity and Official Capacity;**
**WILLIAM MOODY, Security**
**Ofc., Individual Capacity and**
**Official Capacity**                                          **DEFENDANTS**

<u>**ORDER DENYING MOTION FOR SUBPOENA DUCES TECUM**</u>

      This case came before the Court on the Motion Requesting Subpoena Duces Tecum [Doc. #40] and the Petition in Relations to Requesting Subpoena Duces Tecum [Doc. #50] filed by the Plaintiff, Charles Smith.  By the first Motion, Smith requested that a subpoena issue to require Dr. Carolyn L. Bigelow, a hematologist with the University of Mississippi Medical Center's Cancer Institute, to produce all of his medical records, including "photographs of tumors, test, etc."  In the later Petition, Smith asked that a subpoena be issued "to each hospital's records department mentioned . . . ."  Smith's purpose in making these requests is to obtain documents that will support his claim that he suffers from leukemia, and, therefore, that the failure to provide him with cleaning supplies for his cell poses a particular risk to his health. Neither Dr. Bigelow nor the Cancer Institute, nor any other hospitals are parties to this action.

      Fed.R.Civ.P. 45(a)(1)(D) permits the issuance of a subpoena for the production of documents from non-parties.  However, while 28 U.S.C. § 1915(d) mandates officers of the court

to issue and serve all process in cases where the plaintiff is proceeding in forma pauperis, there is no mandate to pay discovery costs.  For that reason, such a plaintiff should only be entitled to subpoena documents from non-parties after the Court determines the relevancy of the requested documents and the ability of the plaintiff to pay any related costs or fees.  *Hughes v. Lavender*, No. 2:10-cv-674, 2011 WL 3236476, at *1 (S.D. Ohio July 28, 2011); *Ruiz v. Collado*, No. 15-22618-Civ; 2016 WL 11665998, at *1 (S.D. Fla. Mar. 22, 2016) ("To the extent the plaintiff believes that he may be relieved of the expenses and burdens associated with discovery practice because he is proceeding in this action as an in forma pauperis litigant, he is mistaken. Plaintiff is advised that his in forma pauperis status does not entitle him to free services such as . . . conducting discovery . . . ."); *Barnett v. Norman*, No. 1:05-cv-1022, 2012 WL 2397423, at *1 (E.D.Calif. June 25, 2012) (noting that an IFP plaintiff must still "pay the fees associated with subpoenas of third parties"); *Nail v. Gutierrez*, No. 1:06-cv-292, 2007 WL 4255535, at *1 (N.D. Ind. Nov. 30, 2007) ("[A] pro se prisoner in a § 1983 suit . . . is still subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs, such as the cost of copying documents requested in a subpoena duces tecum."); *Kean v. Van Dyken*, No. 4:05-cv-64, 2006 WL 374502, at *5 (W.D.Mich. Feb.16, 2006) (prisoner's motion for issuance of subpoenas denied where he sought an exceptional number of documents from nonparties for which he had no apparent ability to pay).  See also *Gaia v. Smith*, C.A. No. C-09-212, 2010 WL 1257820, at *1 (S.D. Tex. Mar. 24, 2010) (denying prisoner plaintiff's motion for leave to depose inmates "without prejudice subject to a request by plaintiff as to the method of the depositions as well as an indication as to how the fees and expenses consistent with those depositions will be paid.").

The documents sought by Smith – first, his medical records from UMC and then his records from "each hospital" are likely to be voluminous and expensive.  Rule 45(c)(2)(B) states that "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." The intent of Rule 45 is to prevent shifting litigation costs to a non-party. *Broussard v. Lemons*, 186 F.R.D. 396, 398, 44 Fed.R.Serv.3d 745 (W.D. La. Feb. 26, 1999).  As the Louisiana district court recognized, courts addressing the allocation of costs of subpoena compliance have consistently held that non-parties who have no interest in a litigation should not be required to subsidize the costs of a litigation. *See United States v. Columbia Broadcasting System, Inc*., 666 F.2d 364, 371 (9th Cir.), cert. denied, 457 U.S. 1118 (1982); *Linder v. Calero–Portocarrero*, 183 F.R.D. 314 (D.D.C.Cir.1998) ("When nonparties are forced to pay the costs of discovery, the requesting party has no incentive to deter it from engaging in fishing expeditions for marginally relevant material.").  This protection is particularly important where the non-party is a medical facility.  Given the many requests for medical records that regularly occur, the costs of compliance must be significant.

On December 9, 2019, in another case filed by Smith, *Charles Smith, Jr. v. Warden Brian Ladner*, 3:19cv208, the Defendants filed a Notice of Service, indicating that they had provided Smith with a copy of his medical records from 2017 – forward (Bates numbered MDOC 220 – 663) [Doc. #23].  It is likely that these documents will provide sufficient proof of Smith's medical condition.  Moreover, the Court is willing to take judicial notice of the fact that a cancer patient would be more susceptible to a bad outcome from a bacterial infection than a healthy prisoner.  The need for the documents that Smith wishes to subpoena is, therefore, marginal at best and not enough to burden these hospitals with incurring the cost, which Smith cannot repay,

of producing all of his medical records.  For all of these reasons, Smith's Motions for a Subpoena Duces Tecum will be denied.

IT IS, THEREFORE, ORDERED that the Motion Requesting Subpoena Duces Tecum [Doc. #40] and the Petition in Relations to Requesting Subpoena Duces Tecum [Doc. #50] filed by the Plaintiff, Charles Smith are hereby **denied**.

IT SO ORDERED, this the 2nd day of July, 2020.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE